# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KAMINSKI K. IVORY, | DOCKET NUMBER |
|       Appellant, | AT-315H-20-0414-I-1 |
|   v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: July 19, 2024 |
|       Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kaminski K. Ivory</u>, Decatur, Georgia, pro se.

<u>Sophia E. Haynes</u>, Esquire, Decatur, Georgia, for the agency.

<u>Karen S. Rodgers</u>, Esquire, Montgomery, Alabama, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

2

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to vacate the administrative judge's finding that the appellant was appointed to the competitive service and clarify that the appellant has not made a nonfrivolous allegation that she met the definition of an "employee" with chapter 75 appeal rights in either the competitive or excepted service, we AFFIRM the initial decision.

## BACKGROUND

Effective April 14, 2019, the agency appointed the appellant to the position of Purchasing Agent in the Veterans Health Administration. Initial Appeal File (IAF), Tab 7 at 65-66. The record is unclear regarding the nature of the appellant's appointment due to inconsistencies in the agency's appointment Standard Form 50 (SF-50) and other documents in the evidence file. The appointment SF-50 stated that the nature of the action was an excepted service appointment ("EXC APPT"). *Id*. at 66. Moreover, both the appointment and correction SF-50 stated that the appellant was appointed under a Schedule A authority pursuant to 5 C.F.R. § 213.3102(a), which concerns the excepted service positions of Chaplain and Chaplain's Assistant. *Id*. at 65-66. However, Box 34 ("Position Occupied") in both documents identified the nature of the

appointment as competitive service and Box 24 identified "permanent" tenure. *Id*. Finally, neither SF-50 identified a probationary or trial period to which the appellant's appointment was subject. *Id*.

Less than 1 year later, effective April 9, 2020, the agency terminated the appellant. *Id*. at 17-19. In a memorandum with the subject "Termination During Probationary Period," the agency stated that the appellant had been serving a career-conditional appointment subject to a 1-year "probationary/trial period." *Id*. at 17. The agency informed the appellant that she was being terminated due to failure to follow instructions and absence without leave (AWOL). *Id*. Prior to her termination, the agency issued to the appellant three counseling memoranda in March 2020 and one oral counseling in February 2020 concerning performance issues, incidents of AWOL, and leave restrictions. *Id*. at 38-43. The record does not contain an SF-50 documenting the appellant's termination.

The appellant filed an appeal and requested a hearing. IAF, Tab 1 at 2. She indicated that she was challenging her "[t]ermination during probationary or initial service period," but stated that her length of service was 1 year. *Id*. at 1, 3. The appellant asserted that she had filed an equal employment opportunity (EEO) complaint[1] against her supervisor, who harassed her and shared her reasonable accommodation request with another employee. *Id*. at 5. She maintained that she "was not informed of any performance issues prior to [her] termination" and that her "termination was retaliation." *Id*. In a jurisdiction order, the administrative judge informed the appellant that the Board may not have jurisdiction over her appeal. IAF, Tab 3 at 2. He apprised the appellant of the requirements for meeting the definition of an "employee" in the competitive service for purposes of 5 U.S.C. chapter 75 appeal rights and the regulatory right to appeal for probationers in the competitive service. *Id*. at 2-5. The appellant did not file a response to the jurisdiction order.

---

[1] The agency file contained an Equal Employment Opportunity Commission case number regarding a "formal complaint of discrimination that is the subject of this appeal." IAF, Tab 7 at 16.

The agency filed a motion to dismiss the appeal for lack of jurisdiction, arguing that the appellant was serving a probationary period, had less than 1 year of current continuous service at the time of her termination, and that she did not meet the definition of an "employee" for purposes of chapter 75 appeal rights. IAF, Tab 5 at 4-5. The agency also argued that the appellant had not made a nonfrivolous allegation of any of the following claims that could bring her appeal under Board jurisdiction: that her termination[2] was based on partisan political reasons, marital status, matters occurring before her appointment; the agency's decision was reprisal for making a protected disclosure or engaging in protected activity; the agency discriminated against her based on uniform service; or the agency violated her veterans' preference rights. *Id.* at 5.

Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal because the appellant failed to make a nonfrivolous allegation that the Board had jurisdiction over her appeal. IAF, Tab 8, Initial Decision (ID) at 1, 5. The administrative judge set forth the statutory definitions for an "employee" under 5 U.S.C. § 7511(a)(1)(A)-(C) for an individual in the competitive service, a preference eligible in the excepted service, and a nonpreference-eligible individual in the excepted service. ID at 3. He found that the appellant was not an "employee" at the time of her termination because she was serving a probationary period under a competitive service appointment and had completed less than 1 year of current continuous service. *Id*. The administrative judge found that the appellant had not alleged that the agency had terminated her based on partisan political reasons or marital status, or that the agency had failed to follow the regulatory procedures mandating terminations for pre-appointment reasons. ID at 4. Finally, he found that the Board lacked jurisdiction over the appellant's discrimination claims absent an otherwise appealable action. *Id*.

[2] Although the agency's brief used the term "non-selection" in regard to the appellant's failure to make any of these allegations that could be a basis of Board jurisdiction, the context clearly concerns the appellant's termination. IAF, Tab 5 at 5.

The appellant has filed a petition for review asserting that the Board did not request that she provide "material fact or evidence of [her] allegation of discrimination or reprisal." Petition for Review (PFR) File, Tab 1 at 4. She also submits a narrative statement regarding her discrimination complaint on the basis of disability. *Id*. at 5-6. The agency has filed a response arguing that appellant failed to make a nonfrivolous allegation of jurisdiction and has not submitted any new or material evidence on review that was not available when the record closed. PFR File, Tab 3 at 5-7.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An appellant has the burden of establishing that the Board has jurisdiction over her appeal. 5 C.F.R. § 1201.56(b)(2)(i)(A). To establish Board jurisdiction under 5 U.S.C. chapter 75, an individual must, among other things, show that she satisfied one of the definitions of "employee" in 5 U.S.C. § 7511(a)(1). *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013). For an individual in the competitive service, this means that she either must not be serving a probationary or trial period under an initial appointment, or have completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. 5 U.S.C. § 7511(a)(1)(A)(i), (ii). The definition of an "employee" also includes a preference-eligible individual in the excepted service who has completed 1 year of current continuous service in the same or similar positions in an Executive agency. 5 U.S.C. § 7511(a)(1)(B)(i). Finally, a nonpreference-eligible individual in the excepted service satisfies the definition of an "employee" if she is "not serving a probationary or trial period under an initial appointment pending conversion to the competitive service" or if she has "completed 2 years of current continuous service in the same or similar positions

in an Executive agency under other than a temporary appointment limited to 2 years or less." 5 U.S.C. § 7511(a)(1)(C)(i), (ii).

A probationary employee in the competitive service has a limited regulatory right of appeal. *See* 5 C.F.R. § 315.806. If such a person is terminated for reasons that arose after her appointment, as was the appellant, she may appeal to the Board only if she raises a nonfrivolous claim that her termination was based on partisan political reasons or marital status. 5 C.F.R. § 315.806(b). Under 5 C.F.R. § 315.806(c), a probationary employee whose termination was based in whole or in part on conditions arising before her appointment may appeal her termination to the Board on the ground that it was not effected in accordance with the procedural requirements set forth in 5 C.F.R. § 315.805. *LeMaster v. Department of Veterans Affairs*, 123 M.S.P.R. 453, ¶ 7 (2016). In addition, 5 C.F.R. § 315.806(d) provides for jurisdiction over complaints of jurisdiction based on race, color, religion, sex (including pregnancy and gender identity), national origin, age, and disability, in connection with a probationary termination, but only if "such discrimination is raised in addition to one of the issues stated in paragraph (b) or (c) of this section." *Jafri v. Department of the Treasury*, 68 M.S.P.R. 216, 220 (1995), *aff'd*, 78 F.3d 604 (Fed. Cir. 1996) (Table).

An appellant is entitled to a jurisdictional hearing if she presents nonfrivolous allegations[3] of Board jurisdiction. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). In determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling her to a hearing, the administrative judge may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve

---

[3] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

conflicting assertions of the parties and the agency's evidence may not be dispositive. *Id*.

As discussed above, the record is unclear whether the appellant held an appointment in the competitive or excepted service and the appointment SF-50 contains conflicting information regarding this issue. IAF, Tab 7 at 65-66. While an executed SF-50 is the customary documentation for a personnel action, it does not constitute the personnel action itself and does not on its face control an employee's status and rights. *Hunt-O'Neal v. Office of Personnel Management*, 116 M.S.P.R. 286, ¶ 10 (2011). To the extent that the administrative judge improperly weighed the evidence when he found that the appellant was appointed to a position in the competitive service subject to a 1-year probationary period, we vacate that finding. ID at 3; IAF, Tab 7 at 65-66; *see Ferdon*, 60 M.S.P.R. at 329. Although the administrative judge failed to provide the appellant with notice regarding the requirements for meeting the definition of an employee in the excepted service in the jurisdiction order, IAF, Tab 3 at 3, this error was cured by the initial decision, which set forth the requirements in detail, ID at 3. *See Mapstone v. Department of the Interior*, 106 M.S.P.R. 691, ¶ 9 (2007) (stating that an administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the initial decision puts the appellant on notice of what he must do to establish jurisdiction).

For the following reasons, we agree with the administrative judge that the employee failed to make a nonfrivolous allegation that she was an "employee" for purposes of 5 U.S.C. chapter 75 appeal rights, or that there was a regulatory basis for her appeal under the provisions set forth in 5 C.F.R. part 315, subpart H. ID at 3-4. The appellant does not challenge these findings on review, but instead makes arguments solely regarding her allegations of discrimination and retaliation for EEO activity. PFR File, Tab 1 at 4-6. She has not alleged, either during the pendency of her appeal or on review, that she was not serving a

probationary or trial period or that she had 1 year of current continuous service[4] at the time of her termination. *Id*.; IAF, Tab 1 at 5. Moreover, the appellant stated that she was serving a probationary, trial, or initial service period at the time of the action she was appealing and identified her appeal as a probationary termination. IAF, Tab 1 at 1, 3. Finally, the appellant has not alleged that she had any prior Federal service prior to the appointment at issue in the present appeal. PFR File, Tab 1 at 4-6; IAF, Tab 1 at 5.

Therefore, the appellant has not alleged that she met either definition of a competitive service employee under 5 U.S.C. § 7511(a)(1)(A). ID at 3. The appellant stated in her initial appeal that she was not entitled to veterans' preference, and thus she has not alleged that she was a preference eligible in the excepted service under 5 U.S.C. § 7511(a)(1)(B). IAF, Tab 1 at 1. Although the record is not clear whether the appellant was serving a probationary or trial period at the time of her termination, she has not alleged, nor does the record suggest, that she held an "initial appointment" to the excepted service pending conversion to the competitive service and therefore she could not meet the statutory definition under 5 U.S.C. § 7511(a)(1)(C)(i). Finally, she has not made a nonfrivolous allegation that she had completed 2 years of current continuous service in the same or similar positions in an executive agency. *See* 5 U.S.C. § 7511(a)(1)(C)(ii). Because the appellant failed to nonfrivolously allege that she was a competitive service or excepted service "employee" with Board appeal rights under 5 U.S.C. chapter 75, she was not entitled to a jurisdictional hearing. *See Ferdon*, 60 M.S.P.R. at 329.

To the extent that the appellant was a probationer in the competitive service, she has not alleged that her termination was based on partisan political

---

[4] The appellant indicated on her initial appeal form that she had 1 year of Government service. IAF, Tab 1 at 1. However, she has not challenged the date of her initial appointment, effective April 14, 2019, or termination less than 1 year later, effective April 9, 2020. PFR File, Tab 1 at 4-6; IAF, Tab 1 at 4-5, Tab 7 at 17, 65.

reasons or marital status, or that the agency action was based (in whole or part) on pre-appointment reasons and that the agency failed to follow the procedures set forth at 5 C.F.R. § 315.805. PFR File, Tab 1 at 4-6; IAF, Tab 1 at 5; *see* 5 C.F.R. § 315.806(b)-(c). Therefore, she has presented no basis for Board jurisdiction over her discrimination claim connected to her termination. *See* 5 C.F.R. § 305.806(d) (explaining that the Board has jurisdiction over complaints of discrimination based upon a protected class such as disability in connection with a probationary termination only if "such discrimination is raised in addition to one of the issues stated in paragraph (b) or (c) of [that] section"). Absent an otherwise appealable action, the Board lacks jurisdiction over the appellant's claims of discrimination and retaliation for EEO activity. PFR File, Tab 1 at 4-6; IAF, Tab 1 at 5; *see Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012).

Accordingly, we affirm the initial decision as modified.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.